Entered on Docket
August 21, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

RUTH ELIN AUERBACH (SBN 104191)
Attorney at Law
77Van Ness Avenue, Suite 201
San Francisco, CA 94102
Telephone: (415) 673-0560
Facsimile: (415) 673-0562
e-mail: attorneyruth@sbcglobal.net

Attorney for Debtors, NANCY JEAN NASH

**Signed and Filed: August 20, 2012**

DENNIS MONTALI
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NANCY JEAN NASH,<br><br>Debtor. | Case No.: 12-30956<br>Chapter 13<br><br>**STIPULATED ORDER GRANTING MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND TO VALUE REAL PROPERTY COLLATERAL OF CREDITOR JOHN KEHE AND ANDREA KEHE** |

The Debtors having filed their Motion to Avoid Lien (Second Deed of Trust) and to Value Real Property Collateral of Creditor Jon and Andrea Kehe “KEHE”, Notice of the motion pursuant to Bankruptcy Local Rule 9014(b)(3), having been duly served on the Secured Creditors, and the Creditors having no objection to the requested relief so long as the Debtor completes her Chapter 13 Plan and remains current in the payments due on , the Court having reviewed the Motion and supporting pleadings, and the Motion appearing proper:

IT IS HEREBY ORDERED as follows:

1. The value of the debtor's real property at 173 Redwood Drive, Loma Mar, CA, APNs 084-011-060-5, 084-011-070-4, 084-011-180-1 ("the Property") as of the date of the filing of the Petition herein is set at $360,000;

2. The second deed of trust lien of Jon Kehe and Andrea Kehe, recorded against the Property on March 27, 2009 as Document No. 2009-034845 in the Official Records of the County of San Mateo, California ("the Lien"), for purposes of this Chapter 13 case, is valued pursuant to 11 U.S.C. §506(a) and F.R.B.P 3012 at $0.00, and that consequently does not have a secured claim based upon this lien;

3. Upon entry of the debtors' Chapter 13 Discharge, the lien of KEHE shall be voided pursuant to 11 U.S.C. §1322(b)(2) and shall be unenforceable and of no effect; and

4. That if the Debtors' case is dismissed or converted to Chapter 7 before they obtain their Chapter 13 discharge, the lien shall remain in full force and effect;

5. Debtor must remain current in her postpetition loan payments to the first lienholder. In the event that the first lienholder obtains relief from stay under the provisions of 11 U.S.C. §362, then the automatic stay under Section 362 shall likewise terminate as to second lienholder. In that event, this court's order shall cease to be effective immediately upon entry the order granting relief and the Lien shall be enforceable to the extent recognized by applicable nonbankruptcy law. No further action will be required in the Bankruptcy Court by the second Lienholders in order enforce its lien rights under state law.

6. Debtor must remain current in the postpetition real property tax payments regarding the Property and insurance. In the event that debtor fails to timely pay the real property taxes or insurance, the second Lienholders may send written notice of default. If the real property taxes or insurance are not paid within thirty (30) days of the said written notice, the second

Lienholders may file a motion to relief from stay to enforce their lien rights under applicable nonbankruptcy law.

7. That this Order shall become part of the Debtors' confirmed Chapter 13 Plan; and

8. Unless provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

Approved as to form and content

/s/ John Kehe___________________
JON KEHE

/s/ Andrea Kehe_________________
ANDREA KEHE

Approved as to Form

LAW OFFICES OF ROUSE & BAHLERT

By:___/s/ Cheryl Rouse____________
CHERYL ROUSE, Attorney for Jon and
Andrea Kehe

**END OF ORDER**

COURT SERVICE LIST

Nancy Jean Nash
P. O. Box 5
Loma Mar, CA 94021

Jon & Andrea Kehe
119 Highland Terrace
Woodside, CA 94062


Case: 12-30956 Doc# 31 Filed: 08/20/12 Entered: 08/21/12 15:55:49 Page 4 of 4